John S. Lockman, J.
Defendant moves for a reconsideration of this court’s order, dated October 25, 1974, which declared the defendant to be a prior felony offender, and upon such reconsideration, for an order that the defendant’s prior conviction is not a predicate felony within the meaning of section 70.06 of the Penal Law.
The defendant asserts a two-prong argument:
(1) Section 70.06 of the Penal Law violates the provisions of the New York State Constitution against the delegation of legislative authority and incorporation of other statutes by reference, and the guarantee of both the New York State and United States Constitutions of equal protection of the law in that the statute classifies the defendant as a second felony offender solely on the basis of an offense committed in Maryland for which there exists a substantial possibility that if the offense were committed in New York, it would not qualify as a predicate felony for the purpose of the statute;
(2) the defendant’s predicate felony in Maryland did not result in a youthful offender adjudication which would have negated such felony as being a predicate felony within the meaning of section 70.06 of the Penal Law, because the defendant’s age at the time rendered him ineligible. Had the defendant committed the crime which constituted the predicate felony in New York State at that time, he would have *1030 been eligible for treatment as a youthful offender pursuant to CPL article 720.
The factual setting which precipitated the original motion and this motion for a reargument may be briefly stated. The defendant was convicted of the felony of escape in the State of Maryland on August 23, 1973.
Section 139 of article 27 of the Annotated Code of Maryland provides in part: "If any offender or person legally detained and confined in the penitentiary, or jail, or house of correction, or reformatory, or station house, or any other place of confinement, in this State, shall escape he shall be guilty of a felony and on conviction thereof by the Criminal Court of Baltimore City or by the circuit court of the county in which the escape takes place, be sentenced to confinement in the penitentiary, jail or house of correction for such additional period, not exceeding ten years, as the court may adjudge. However, for escapes from the Maryland Correctional Institution — Hagerstown or the Maryland Correctional Training Center — Hagerstown which have not involved an assault, the sentence shall not exceed confinement for three years.” The defendant’s records indicate that on the date of the escape in question he was approximately 18 years, 6 months old. The defendant’s age at that time is significant because the Maryland counterpart to New York’s CPL article 720, which provides for youthful offender treatment, is sections 70-1 and 70-2 of article 26 of the Annotated Code of Maryland which limits the application of "youthful offender” treatment to persons under the age of 18 years at the date of the crime. The defendant therefore was not accorded Maryland’s version of youthful offender status.
On the basis of the foregoing out-of-State conviction of a felony, this court upon the defendant’s conviction after trial of a felony found the defendant to be a prior felony offender on October 25, 1974, pursuant to section 70.06 of the Penal Law, which provides in part:
"1. Definition of second felony offender. *1031 "(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized irrespective of whether such sentence was imposed”.
*1030 "(a) A second felony offender is a person who stands convicted of a felony defined in this chapter, other than a class A felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision.
"(b) For the purpose of determining whether a prior convic *1031 tion is a predicate felony conviction the following criteria shall apply:
The defendant’s first argument, grounded in constitutional issues, is supported mainly by People v Mazzie (78 Misc 2d 1014). In Mazzie, Justice Burton Roberts found section 70.06 of the Penal Law to be constitutionally defective in that it violated both article III of the New York State Constitution by improper delegation of legislative power and incorporation by reference of foreign laws without inserting those laws in the statute, and the Fourteenth Amendment of the United States Constitution by a denial of equal protection of the law.
Although the ratio decidendi of Mazzie was cogently set forth, this court does not adopt such decision, but rather finds section 70.06 of the Penal Law to be constitutional for the reasons amply stated in People v Wixson (79 Misc 2d 557).
The quintessence of the defendant’s second argument is that he was denied the opportunity in Maryland to have his conviction of escape, which now forms the basis for a predicate felony conviction, removed from the criminal process and, in effect, an adjudication of youthful offender status entered, because he exceeded the statutory age limit of 18 years. Whereas, had the defendant committed the same crime in New York at that time, he would have been eligible for youthful offender treatment pursuant to CPL article 720 since the statutory age limit is 19 years. To continue the defendant’s line of reasoning, had the defendant been adjudicated a youthful offender in regard to the crime of escape, it would not be a predicate felony conviction for purposes of section 70.06 of the Penal Law.
The defendant’s argument is like a house built on sand. It lacks the foundation to support its own weight. It is premised upon sheer speculation that the defendant would not be a prior felony offender zf the court, in its discretion, granted the defendant youthful offender treatment if the crime was committed in New York at that time.
To engage in whimsicality is not the function of the court. Nor would it be appropriate for a nunc pro tunc determina *1032 tion to be made concerning the defendant’s eligibility for youthful offender treatment for a foreign crime. Accordingly, the defendant’s motion is denied in all respects.