■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BOVE, Also Known as ANTHONY BOVE, Appellant.—Judgment, Supreme Court, Bronx County, convicting defendant, on his plea of guilty to escape in the first degree and sentencing him as a predicate felon to a term of imprisonment of two to four years to run concurrently with a sentence imposed upon him in New York County, unanimously affirmed, and the application of appellant's counsel to withdraw as counsel is granted *(Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). Review of the record convinces us that the only possible claim meriting consideration which could be advanced by appellant is the assertion that he should not have been sentenced as a second felony offender. The predicate felony consisted of a robbery committed in New Jersey which is defined under the law of that State as a "high misdemeanor" and for which the prescribed punishment is "a fine of not more than $5,000, or by imprisonment for not more than 15 years, or both" (N.J.S. 2A:141-1). He was sentenced "to the Youth Reception and Correction Complex to be transported to Youth Reception Center at Yardville for an indeterminate term * * * to run consecutively to present sentence now being served". Appellant, in the memorandum filed personally by him, contends that that sentence was imposed upon him as a youthful offender. Apparently, the sole basis for his claim is to be found in his commitment to the Yardville Youth Reception Center. Nothing else, either in the record, or in the additional documents which we have required to be submitted to us (although outside the record), is offered to support this claim. Under New Jersey law (N.J.S. 30:4-147, 30:4-148) the sentence imposed by that State may be imposed upon any male person between the ages of 15 and 30 subject only to the limitation that it shall not exceed five years unless the court, in its discretion, and for good cause shown, shall impose a greater sentence. In no event, however, may the sentence imposed exceed the maximum sentence permitted by law. Under section 70.06 (subd 1, par [b], cl [i]) of the Penal Law the New Jersey conviction meets the definition of a predicate felony conviction. When appellant was arraigned on the predicate felony information, he did not controvert the allegations charging him as a prior felony offender. In light of the requirements of CPL 400.21 (subd 3) the failure of appellant to take issue with any of the allegations of the information mandated that he be sentenced as a predicate felony offender. Inasmuch as the record, and the documents which we have required to be submitted (although outside the record), give no indication that appellant was given youthful offender treatment, the issue here tendered may be resolved only by the New Jersey courts. On its face, the New Jersey conviction is a prior felony conviction and meets the requirements of our law for predicate felony status. Our affirmance of the conviction here involved is, of course, without prejudice to any remedy which appellant may seek to pursue in the courts of New Jersey. Should he be successful there, he may in an appropriate postconviction application, seek resentence on this matter. Concur—Birns, J. P., Fein, Lane, Silverman and Bloom, JJ.