■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE TREADWELL, Appellant. — Appeal from a judgment of the County Court of Sullivan County, rendered May 8, 1980, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree. The sole issue on this appeal is whether defendant was properly sentenced as a second felony offender based upon his prior conviction, in the State of Maine, of the crime of breaking, entering and larceny, where Maine had no youthful offender statute which defendant, 18 years old at the time, could have taken advantage of. The gist of defendant's argument seems to be that if the prior crime had been committed in New York, he would have been eligible for youthful offender treatment, and if granted, he could not have been sentenced on the present crime as a second felony offender. Based upon this proposition, defendant concludes that the Maine conviction cannot constitute a predicate felony conviction as defined in section 70.06 (subd 1, par [b]) of the Penal Law. The argument has previously been considered and rejected *(People v Sibila,* 81 Misc 2d 1028, affd 53 AD2d 809). Defendant contends that since the definition of predicate felony offender was subsequently amended (L 1975, ch 784, § 1) this case is of no precedential value. Prior to the amendment, section 70.06 (subd 1, par [b], cl [i]) required that if the previous conviction occurred outside of New York, the authorized sentence for the crime in the other jurisdiction must have been a term of imprisonment in excess of one year. The amendment (L 1975, ch 784, § 1) added the requirement that such a sentence must also have been authorized in this State. Defendant contends that since he might have received youth-

ful offender treatment in New York, the People have failed in their burden of proving that a sentence to a term of imprisonment for more than one year was authorized in this State. However, it is not disputed that the acts underlying the Maine offense, for which a term of imprisonment in excess of one year was authorized, would, if committed in New York, also constitute an offense for which a term of imprisonment in excess of one year was authorized. Thus, the People have made a prima facie showing that the Maine conviction is a prior felony conviction which meets the requirements of our law for predicate felony status *(People v Bove,* 70 AD2d 545). While proof that defendant was accorded youthful offender treatment on the prior conviction by the sentencing court in the other jurisdiction would preclude the use of such a conviction as a predicate felony (see *People v Carpenteur,* 21 NY2d 571; but see *People v Claypoole,* 47 AD2d 269), mere speculation that defendant might have been accorded youthful offender treatment had the offense been committed in New York, where such treatment was not and could not have been accorded by the jurisdiction in which the crime was actually committed, cannot preclude the use of such a conviction as a predicate felony. The judgment, therefore, should be affirmed. Judgment affirmed. Sweeney, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.