**Shawn L. McMANNERS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6065.**

Court of Appeals of Alaska.

Sept. 10, 1982.

---

Charlene Lichtmann, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

**OPINION**

SINGLETON, Judge.

Shawn McManners pled *nolo contendere* to two counts of an information: the first count charged assault in the third degree, in violation of AS 11.41.220; the second count charged misconduct involving weapons in the first degree, in violation of AS 11.61.-200(a)(1). The trial court, after hearing argument from the parties, concluded that McManners was subject to presumptive sentencing by virtue of a November 1979 burglary conviction in Missouri.[1] The trial court imposed two concurrent four-year sentences and suspended two years in each. It is undisputed that both counts involved class C felonies for which the presumptive sentence for a second offender is two years. It is also conceded that no aggravating factors were proved at the sentencing hearing.

McManners appeals alleging two errors. First, he contends that his 1979 conviction, while considered a felony in Missouri and while conceptually indistinguishable from AS 11.46.310,[2] nevertheless should not be counted as a prior felony conviction because at the time of its commission McManners was seventeen years of age and would have been treated as a juvenile under Alaska law. We find no merit in this contention. *People v. Treadwell,* 80 A.D.2d 697, 436 N.Y.S.2d 457 (1981).

McManners was a resident of Missouri at the time of his conviction there. He knew, or should have known, that Missouri considered him an adult subject to adult penalties if he violated the law. The record reflects that Missouri afforded McManners

1. Alaska Statute 12.55.145(a)(2) provides in relevant part:
   (a) for purposes of considering prior convictions in imposing sentence under this chapter . . .
   (2) a conviction in this or another jurisdiction of an offense having elements substantially identical to those of a felony defined as such under Alaska law is considered a prior felony conviction . . . .

2. McManners was convicted of violating MRS 569.170, which provides in relevant part:
   1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.
   2. Burglary in the second degree is a class C felony. Alaska Statute 11.46.310 provides in relevant part:
   (a) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime in the building.
   (b) Burglary in the second degree is a class C felony.
   Where the building is a dwelling, AS 11.46.-300 makes the offense burglary in the first degree, a class B felony.

due process, and he does not question the validity of his conviction there. *Compare Evans v. State,* 550 P.2d 830 (Alaska 1976).[3] McManners was subjected to adult probation placing him on notice that further criminal activity would be severely sanctioned. Finally, McManners was an adult at the time of his current conviction making his prior history relevant for sentencing purposes. *Compare State v. Carlson,* 560 P.2d 26, 31 (Alaska 1977) (habitual criminal statutes do not offend prohibitions against "double jeopardy" because they do not create separate offenses but merely enhance the punishment for the latest offense) *with Davenport v. State,* 543 P.2d 1204, 1211 (Alaska 1975) where the court said:

> We also wish to clarify the role and relevance of juvenile records in sentencing procedures. It is apparent that an intelligent decision regarding a defendant's prospects for rehabilitation or his propensity for subsequent criminal conduct cannot be reached *in vacuo.* Our experience teaches us that recent criminal conduct, regardless of whether it antedates the somewhat fortuitous date of legal majority, can aid in the effort to ascertain the magnitude of a defendant's threat to society, and his potential for rehabilitation. For that purpose resort to juvenile court determinations may be both proper and necessary. We have not hesitated to consider juvenile records, when pertinent to sentence appeals before us. *See, e.g., Bradley v. State,* 535 P.2d 1031 (Alaska 1975); *Hixon v. State,* 508 P.2d 526 (Alaska 1973).

■ McManners also argues that the trial court could not impose a sentence in excess of the presumptive sentence absent a finding of aggravating factors, even if the excess term was suspended. *Lacquement v. State,* 644 P.2d 856 (Alaska App. 1982). The state concedes error. We agree and remand for resentencing. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972).

In the recent case of *Leuch v. State,* 633 P.2d 1006, 1010 (Alaska 1981) the Alaska Supreme Court made it clear that:

> In reviewing a sentence, a portion of which is suspended, the period of suspension as well as the period of incarceration must be weighed. It would ... be incorrect to consider suspended time as a nugatory or insignificant sanction.

■ In the absence of extraordinary circumstances warranting referral to a three-judge panel, *see* AS 12.55.165 and AS 12.55.175, the presumptive sentences are mandatory, and the sentencing court is bound to impose them, subject only to an adjustment for aggravating or mitigating circumstances in accordance with the provisions of AS 12.55.155. In this case the trial court did not find aggravating circumstances. Having made such a determination, the presumptive sentence may not be increased even though the increased time is suspended.

We find it necessary to vacate McManners' entire sentence. At resentencing, the total sentence imposed for each offense should not exceed the presumptive term of two years.

The judgment of the superior court is AFFIRMED in part and REVERSED in part. The case is REMANDED for resentencing.

---

**3.** McManners does not contend that he was denied the equal protection of the law under the state and federal constitutions. United States Const. amend. XIV, Alaska State Const. art. 1, § 1. *Compare People v. Sibila,* 81 Misc.2d 1028, 367 N.Y.S.2d 193 (Nassau County Ct., 1975), aff'd, 385 N.Y.S.2d 694 (App. Div. 1976), *with Lamb v. Brown,* 456 F.2d 18 (10th Cir. 1972). We do not consider the issue in the context of this case appropriate for consideration as a potential plain error. *See* Alaska R. Crim. P. 47(b).