(March 27, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY JOHNSON, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered January 23, 1984, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant was indicted and charged with robbery in the first degree and grand larceny in the second degree based on a

September 1983 robbery of a bank in the City of Schenectady. Defendant allegedly gave a teller a note which read, "Give me all your money. I am armed." At the time, his right hand was kept motionless in his coat pocket. As one of the elements of first degree robbery, the indictment alleged that, during the course of the incident, defendant "displayed what appeared to be a pistol or revolver". Defendant eventually pleaded guilty to second degree robbery and was sentenced, as promised, to an indeterminate term of imprisonment of 4½ to 9 years. This appeal ensued.*

Defendant's primary contention on appeal is that the facts pleaded to do not support a conviction of second degree robbery. Specifically, defendant points out that, at the plea hearing, he admitted that he handed the teller a note telling her he had a gun, while the statute requires proof that he displayed what appeared to be a pistol or revolver (Penal Law § 160.10 [2] [b]). The cases relied on by defendant deal with convictions after trial, while this case involves a guilty plea. The mere fact that defendant's allocution did not spell out the essential elements of second degree robbery is not, in itself, fatal to the plea (see, People v Wedgewood, 106 AD2d 674, 676). A bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed (People v Clairborne, 29 NY2d 950, 951). There are no exceptional circumstances here to warrant vacatur of the plea.

Defendant also challenges his being sentenced as a second felony offender. However, defendant admitted the prior felony at sentencing and raised no objection at that time to being sentenced as a predicate felon. Therefore, he has waived this issue.

We have considered defendant's argument that he was denied the effective assistance of counsel and find it without merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* We note that the People have improperly included a portion of the Grand Jury minutes in an appendix to their brief. This material has not been considered on this appeal.