■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. DAVIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was sentenced as a second felony offender on the basis of a prior conviction for burglary in the third degree in the State of Florida. He contends for the first time on appeal that the sentence is improper because the Florida conviction may not be a predicate felony conviction as defined by statute in New York (Penal Law § 70.06). At the time of sentencing, defendant acknowledged receipt of the formal CPL 400.21 statement notifying him that it appeared by virtue of the Florida burglary conviction that he was a second felony offender. After conferring with his attorney, he admitted the prior felony conviction and did not controvert any part of the statement.

The applicable statute provides that "[u]ncontroverted allegations in the statement shall be deemed to have been admitted by the defendant" (CPL 400.21 [3]; *see also, People v Sailor,* 65 NY2d 224, *cert denied* 474 US 982). It is well established that when "a defendant voluntarily · admits his prior felony conviction and was aware that he was about to face an enhanced sentence, he is estopped from attacking the validity of a sentence imposed under Penal Law § 70.06" *(People v Bates,* 124 AD2d 994, *lv denied* 69 NY2d 1001; *see also, People v Johnson,* 118 AD2d 1005; *People v Williams,* 106 AD2d 786; *People v Hewitt,* 97 AD2d 828; *People v Bove,* 70 AD2d 545; *People ex rel. Ryan v Smith,* 50 AD2d 1078, *appeal dismissed* 40 NY2d 988; *People v Bryant,* 47 AD2d 51). We have also held, however, that when it is apparent from an examination of the foreign statute and the corresponding New York statute that the sentence is illegal because the foreign crime does not constitute a felony in New York, the issue is reviewable as a matter of law even though it was not raised before the sentencing court *(People v Robinson,* 115 AD2d 1012).

Here, because defendant did not contest his second felony offender status at sentencing, and because on examination of the relevant statutes it cannot be said as a matter of law that the sentence is illegal, defendant is estopped from contesting the sentence in our court.

We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Erie County Court, Forma, J.—manslaughter, first degree.) Present —Dillon, P. J., Doerr, Boomer, Green and Davis, JJ.