■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ARROYO, Appellant

At sentencing defendant was found to be a persistent violent felony offender. One of the felonies considered pursuant to Penal Law § 70.04 was a 1980 Florida burglary (Fla Stat Annot § 810.02) committed when defendant was 17 years old, and found by the sentencing court to include all of the essential elements of Penal Law § 140.25 (2), burglary in the second degree. There is no merit to defendant's contention that this Florida conviction should have been considered a youthful offender adjudication, and thus not used as a predicate for multiple offender treatment. Florida's youthful offender statute (Fla Stat Annot § 958.04) does not operate in similar fashion to New York's CPL 720.35 (1). Under Florida law, a court may designate a defendant as a youthful offender in lieu of other authorized criminal penalties. Here, however, the Florida court did not grant youthful offender status, but chose to sentence defendant as an adult. Where youthful offender treatment is not accorded in a foreign jurisdiction, the fact that the defendant would have been eligible for youthful offender treatment had the offense been committed in New York does not preclude the use of such conviction in New York as a predicate felony for enhanced sentencing *(People v Treadwell,* 80 AD2d 697).

We have considered defendant's additional claim of ineffective assistance of counsel, and find it to be without merit. Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.