(April 20, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY TERRY, Appellant. [624 NYS2d 677] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered June 9, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree.

On August 14, 1992, defendant was observed speeding on State Route 17 in the Town of Rockland, Sullivan County. A State Trooper followed defendant and despite the illumination of his roof lights and thereafter his alternating lights and siren, defendant failed to stop. Defendant subsequently collided with another vehicle. The impact was so intense that it caused his vehicle to overturn and land off the roadway. The Trooper observed him crawling out from the driver's side of the vehicle and, upon seeing the Trooper, defendant stated, "I give up, I quit." Defendant was arrested. It was later discovered that the vehicle that defendant was driving had been stolen from Maryland.

Defendant was indicted in October 1992 for a number of crimes, including criminal possession of stolen property in the third degree. On the eve of trial, April 28, 1993, defendant entered a plea of guilty to the criminal possession charge in full satisfaction of the indictment and waived his right to appeal. Shortly before sentencing, defendant purportedly wrote a letter to County Court requesting the right to withdraw his plea. Although the court had not received such letter, it permitted defendant to make the application at sentencing which was thereafter denied.

On this appeal, defendant contends that County Court's refusal to allow him to withdraw his guilty plea was an abuse of discretion. He further contends that his sentence is illegal and that there was insufficient evidence to prove that his conviction in Maryland constituted a prior felony sufficient to sentence him here as a second felony offender. We disagree.

The record reflects that County Court conducted a searching inquiry to ascertain the voluntariness of defendant's plea. With counsel present, defendant explained that he understood

the crime with which he was charged and admitted to its commission. We find the inquiry conducted by County Court to be sufficient, with the record affirmatively detailing that defendant " 'intelligently, knowingly, and voluntarily entered [the] plea of guilty' " *(People v Fiumefreddo,* 82 NY2d 536, 539, quoting *People v Fiumefreddo,* 188 AD2d 546, 547, *affd* 82 NY2d 536). Further, we find no merit to defendant's contention that a hearing was required *(see, People v McClain,* 32 NY2d 697).

As to his status as a second felony offender, the record reflects that at the time of his plea, the People advised the court, defendant and his counsel that defendant had previously pleaded guilty to a felony in Maryland. Although represented by counsel and advised by the court of his right to do so, at no time prior to sentencing did defendant contest the validity of that conviction or deny the prior felony conviction. In fact, upon his admission that he was convicted in Maryland of daytime breaking and entering with intent to steal and was thereafter sentenced to prison, County Court advised him that it was satisfied that he must be sentenced as a second felony offender. Hence, "because defendant did not contest his second felony offender status at sentencing, and because on examination of the relevant statutes it cannot be said as a matter of law that the sentence is illegal, defendant is estopped from contesting the sentence in our court" *(People v Davis,* 135 AD2d 1088, 1089, *lv denied* 71 NY2d 1025; *see, People v Queen,* 84 AD2d 649; *People v Roscoe,* 54 AD2d 1051; *People ex rel. Ryan v Smith,* 50 AD2d 1078, *appeal dismissed* 40 NY2d 988).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.