■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. COOLBAUGH, Appellant. [687 NYS2d 737] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 4, 1996, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Indicted for two counts of robbery in the second degree, defendant pleaded guilty, after a *Huntley/Wade* hearing, to one of such counts, specifically waiving his right to appeal the denial of his suppression motion with respect to the issue of identification. Upon this plea, he understood that he would receive a sentence of 3½ to 7 years' imprisonment. County Court accepted defendant's plea after a colloquy which confirmed that he understood that he was waiving his right to appeal the determination with respect to the issue of identification and that he was to be sentenced as a second felony offender.

Upon sentencing, counsel for defendant objected to the second felony offender status, contending that had defendant been convicted of the same crime in New York rather than in Pennsylvania, he would have been eligible for youthful offender status which would have precluded that crime from being considered for second felony offender purposes. County Court rejected defendant's contention, concluding that defendant had been convicted of a crime in Pennsylvania in 1988 and that such conviction constituted a felony for these purposes in New York. The court also inquired of defendant as to whether there

were any other contentions regarding the underlying conviction. Upon being assured that no other issues remained unaddressed, the court sentenced defendant as agreed.

Defendant now appeals, contending that County Court erred in denying his motion to suppress and refusing to consider whether the elements of the underlying Pennsylvania crime of forgery would constitute a felony in New York, eligible for consideration for second felony offender purposes. Defendant claims further error in the court's failure to consider that had the underlying crime been committed in this jurisdiction, he might have been eligible for youthful offender treatment and its resultant impact on sentencing here.

The question of suppression need not detain us since defendant specifically waived his right to appeal County Court's denial of the suppression motion following the *Huntley/Wade* hearing (*see, People v Seaberg*, 74 NY2d 1; *People v Maurizio*, 170 AD2d 905).

As to defendant's status as a second felony offender, we note that while he raised the question of youthful offender treatment before County Court, he failed to request that the court consider the elements of the crime of forgery as relevant to his status as a second felony offender. Notwithstanding the failure to preserve this issue for our review (*see,* CPL 470.05), were we to review the merits thereof, we would conclude that the crimes are similarly defined.

Concerning defendant's final contention, we note that it is well settled that "[w]here youthful offender treatment is not accorded in a foreign jurisdiction, the fact that the defendant would have been eligible for youthful offender treatment had the offense been committed in New York does not preclude the use of such conviction in New York as a predicate felony for enhanced sentencing" (*People v Arroyo*, 179 AD2d 393, 394, *lv denied* 79 NY2d 997; *see, People v Hamilton*, 104 AD2d 1048).

Accordingly, we affirm the judgment in its entirety.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.