■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE R. MECKWOOD, Appellant. [927 NYS2d 729]—

Kavanagh, J. 

In 2009, defendant was charged by indictment with robbery in the first degree and criminal possession of a weapon in the fourth degree. In full satisfaction of the indictment, defendant pleaded guilty to attempted robbery in the first degree and was sentenced, as a second violent felony offender, to an agreed-upon prison term of eight years, to be followed by five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant contends that County Court erred by finding that his prior conviction for burglary in Pennsylvania qualified as a predicate felony conviction, resulting in his being classified for sentencing purposes as a second violent felony offender. An individual may be sentenced as a second violent felony offender if he or she has been previously convicted in another state of a crime involving conduct which, if committed in New York, would qualify as a violent felony (*see* Penal Law § 70.04 [1] [a], [b] [i]). Defendant does not deny that he has a prior conviction in Pennsylvania for burglary or that the underlying conduct if committed in New York would have qualified as a violent felony; instead, he argues that he was 18 years old at the time of his conviction and that, had the crime been committed in New York, he would have been eligible for youthful offender status. Since a youthful offender adjudication may not be used as a predicate felony for enhanced sentencing purposes (*see* CPL 720.35 [1]), defendant maintains that County Court should not have classified him as a second violent felony offender when it imposed sentence. We disagree. "[I]t is well settled that '[w]here youthful offender treatment is not accorded in a foreign jurisdiction, the fact that the defendant would have been eligible for youthful offender treatment had the offense been committed in New York does not preclude the use of such conviction in New York as a predicate felony for enhanced sentencing' " (*People v Coolbaugh,* 259 AD2d 781, 782 [1999], quoting *People v Arroyo,* 179 AD2d 393, 394 [1992], *lv denied* 79 NY2d 997 [1992]; *see People v Treadwell,* 80 AD2d 697, 698 [1981]).

Defendant also argues that the provision that tolls the 10-year look-back period used to determine if a prior conviction qualifies as a predicate violent felony violates his constitutional right to equal protection of the law (*see* Penal Law § 70.04 [1] [b] [v]). To qualify as a predicate violent felony, the sentence

received for the prior felony conviction "must have been imposed not more than [10] years before commission of the felony of which the defendant presently stands convicted" (Penal Law § 70.04 [1] [b] [iv]). In calculating this 10-year look-back period, "any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such [10-]year period shall be extended by a period or periods equal to the time served under such incarceration" (Penal Law § 70.04 [1] [b] [v]).

Here, defendant argues that the tolling provision treats repeat felony offenders who commit crimes during the 10-year look-back period that result in their incarceration differently and more harshly than other second felony offenders who have not been incarcerated during this period. He does not challenge the constitutionality of the 10-year look-back provision or claim that it was improperly applied in determining whether his Pennsylvania conviction qualified as a predicate violent felony. Rather, he argues that there is no rational basis for the distinction written into the statute that treats convicted felons who have been in prison during this 10-year period differently from those who were not. Again, we disagree. Second felony offender statutes are designed "to deter recidivism by enhancing the punishments of those who, having been convicted of felonies, violate the norms of civil society and commit felonies again" (*People v Walker*, 81 NY2d 661, 665 [1993]). We find that the tolling provision contained in Penal Law § 70.04 (1) (b) (v) is rationally related to this goal as "[a] prior felon can properly be required to demonstrate that he [or she] can function in society in a law-abiding manner for a 10-year period in order to avoid being sentenced as a recidivist" (*People v Orr*, 57 AD2d 578 [1977]; *accord People v Tatta*, 196 AD2d 328, 331 [1994], *lv denied* 83 NY2d 972 [1994]). Obviously, time in prison has limited value in determining whether a convicted felon can function in society as a law-abiding citizen. For this reason, excluding such time periods from the look-back period is rationally related to the objectives of the statute.

Finally, defendant did not object to the content of the predicate felony statement filed by the People or claim, at the time of his sentence, that it failed to conform with CPL 400.15. Therefore, this issue has not been preserved for our review (*see People v McDowell*, 56 AD3d 955, 955 [2008]; *People v Ruffin*, 42 AD3d 582 [2007], *lv denied* 9 NY3d 881 [2007]).

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.