[980 NE2d 501, 956 NYS2d 453]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE R. MECKWOOD, Appellant.

Argued September 13, 2012; decided October 25, 2012

70

## POINTS OF COUNSEL

*Fitzsimons, Mack & Mills, P.C.*, Valatie (*Brent R. Stack* of counsel), for appellant. I. The Third Department's affirmation of the sentencing court's adjudication of appellant as a second violent felony offender was erroneous because it is in direct conflict with this Court's ruling in *People v Carpenteur* (21 NY2d 571 [1968]). II. The Third Department's affirmation of the sentencing court's adjudication of appellant as a second violent felony offender was erroneous because it was based upon a litany of erroneous case law originating in the Third Department.

(*People v Treadwell*, 80 AD2d 697; *People v Coolbaugh*, 259 AD2d 781; *People v Arroyo*, 179 AD2d 393, 79 NY2d 997; *People v Hamilton*, 104 AD2d 1048; *People v Carpenteur*, 21 NY2d 571; *People v Kuey*, 83 NY2d 278.) III. Section 70.04 (1) (b) of the Penal Law is unconstitutional because it provides for and requires application of New York law to foreign convictions to establish the elements of a felony conviction, but does not provide for or require application of the New York youthful offender statute, which could have, and in this case did have, significant repercussions. IV. The People's statement as to predicate violent felony conviction was defective for failure to comply with section 400.15 (2) of the Criminal Procedure Law. V. Section 70.04 (1) (b) (v) of the Penal Law violates the Equal Protection Clause of the New York State Constitution and is therefore unconstitutional.

*Gerald F. Mollen, District Attorney*, Binghamton (*Joann Rose Parry* of counsel), for respondent. I. Defendant was properly adjudicated as a second violent felony offender. (*People v Carpenteur*, 21 NY2d 571; *People v Muniz*, 74 NY2d 464; *People v Gonzalez*, 61 NY2d 586; *People v Kuey*, 83 NY2d 278; *People v Treadwell*, 80 AD2d 697; *People v Coolbaugh*, 259 AD2d 781; *People v Hamilton*, 104 AD2d 1048; *People v Ross*, 7 NY3d 905; *People v Ochs*, 16 AD3d 971; *People v McDowell*, 56 AD3d 955.) II. The second violent felony offender statute is constitutional. (*People v Pacheco*, 53 NY2d 663; *People v Walker*, 81 NY2d 661; *People v Shannon*, 89 NY2d 1000; *People v Drayton*, 39 NY2d 580; *People v Carpenteur*, 21 NY2d 571; *People v Muniz*, 74 NY2d 464; *People v Tatta*, 196 AD2d 328; *People v Orr*, 57 AD2d 578.)

### OPINION OF THE COURT

JONES, J.

Defendant contests his second violent felony offender adjudication, predicated upon a prior foreign conviction that occurred when he was 18 years old, contending that, because he could have been accorded youthful offender status had he committed that crime in New York, he is entitled to such status for the purpose of enhanced sentencing. He also raises whether Penal Law § 70.04 (1) (b) (v)'s tolling provision violates the Equal Protection Clause of the New York State Constitution. These arguments are contrary to our enhanced sentencing jurisprudence.

In March 2010, defendant was convicted, upon a plea of guilty, of attempted robbery in the first degree. Thereafter, he was

adjudicated a second violent felony offender, based upon his 1999 Pennsylvania conviction for first degree burglary. At the time of the 1999 conviction, defendant, then 18 years old, was not entitled to youthful offender status pursuant to Pennsylvania laws.

In July 2010, prior to sentencing, defendant objected to the use of his prior burglary conviction in Pennsylvania as a predicate violent felony. He argued that, had he committed the crime in New York, he would have been eligible for consideration as a youthful offender; and, if so adjudicated, it could not be used as a predicate conviction. He also argued that Penal Law § 70.04 (1) (b) (v), the provision that tolls the 10-year look-back period while a person is incarcerated, violates the Equal Protection Clause of the New York State Constitution.

County Court rejected defendant's arguments and adjudicated him a second violent felony offender. The Appellate Division affirmed (86 AD3d 865 [3d Dept 2011]). A Judge of this Court granted defendant leave to appeal (17 NY3d 954 [2011]), and we now affirm.

Pursuant to Penal Law § 70.04, a person may receive an enhanced sentence as a second violent felony offender where the prior conviction occurred in a foreign jurisdiction and the underlying offense has all of the essential elements of a violent felony if it had occurred in New York. It is well settled that foreign convictions have the "same force and effect in New York that [they] would have where entered" when assessing whether a defendant is subject to multiple offender status (*People v Kuey*, 83 NY2d 278, 284 [1994]).

 In New York, a prior adjudication as a youthful offender— whether it occurred in New York or another jurisdiction—cannot serve as the basis for multiple offender sentencing provided the foreign youthful offender adjudication is similar to and consistent with New York's youthful offender treatment (*see People v Carpenteur*, 21 NY2d 571 [1968]; *cf. Kuey*, 83 NY2d 278). New York courts, however, have declined to retroactively assign youthful offender status to underlying convictions of foreign jurisdictions even though, had the crimes been committed in New York, such consideration could have been granted (*see People v Arroyo*, 179 AD2d 393, 394 [1st Dept 1992]; *People v Coolbaugh*, 259 AD2d 781, 782 [3d Dept 1999]). In *People v Treadwell*, the Appellate Division accurately observed, "mere speculation that defendant might have been accorded youthful

offender treatment had the offense been committed in New York, where such treatment was not and could not have been accorded by the jurisdiction in which the crime was actually committed, cannot preclude the use of such a conviction as a predicate felony" (80 AD2d 697, 698 [3d Dept 1981]).

Here, defendant did not receive youthful offender treatment for the underlying offense at issue. Defendant is not now entitled to a retroactive application of youthful offender status to a foreign felony conviction. Instead, County Court properly assigned the same status to the underlying conviction as did the foreign jurisdiction in which the conviction had been entered.

■ Penal Law § 70.04 (1) (b) (iv) and (v) prohibits enhanced sentencing where more than 10 years have passed between sentencing for the prior felony and commission of the present felony, excluding all periods of incarceration during such time period. Defendant argues that this provision violates the Equal Protection Clause because repeat offenders with lengthy sentences may receive harsher punishments than repeat offenders with lesser sentences or no periods of incarceration. While the tolling provision, as applied to persons with differing years of incarceration, may result in disparate punishment, there is no equal protection violation under our Constitution.

"The equal protection clause does not mandate absolute equality of treatment but merely prescribes that, absent a fundamental interest or suspect classification, a legislative classification be rationally related to a legitimate State purpose" (*People v Parker*, 41 NY2d 21, 25 [1976]). Thus, given the absence of a suspect class or a fundamental right at issue, this statutory provision "need only be supported by some rational basis to survive constitutional scrutiny" (*People v Walker*, 81 NY2d 661, 668 [1993]).

As the *Walker* Court explained, enhanced sentencing statutes punish a defendant "more for the second felony . . . because recidivism evidences a lack of rehabilitation and a greater danger to society" (*id.* at 667 [emphasis omitted]). Section 70.04 of the Penal Law furthers that legitimate interest. Moreover, it was not irrational for the Legislature, in section 70.04 (1) (b) (v), to omit periods of incarceration from the 10-year look-back period, in order to assess whether a prior violent felon has abstained from a repeat offense within a 10-year period. As the Court has previously observed, "New York has a legitimate interest in upholding the State's Penal Law, and in furtherance of this

interest it was not irrational for the Legislature to punish those who repeatedly violate New York's criminal laws more harshly than those who have violated our laws but once" (*id.* at 668 [emphasis omitted]). Indeed, it is rational to omit periods of incarceration from the look-back period because society has an interest in treating differently individuals who demonstrate good behavior during the time in which they are released and living in society from those who cannot.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed.