OPINION OF THE COURT
Burton B. Roberts, J.
Following a jury trial the defendant Elliott was found guilty of two counts of robbery in the first degree and one count of assault in the first degree. The People have filed a predicate felony information against the defendant charging him with having committed the felony of breaking and entering and larceny in North Carolina and having been convicted and sentenced to an indeterminate sentence of up to five years for that crime on February 17, 1976.* The court finds that the acts alleged in this conviction, a conviction which the defendant admits, would also constitute a felony in this State (see Penal Law, § 140.20). The defendant, however, contends that *795 he was sentenced as a "youthful offender” for this conviction, and, therefore, this conviction cannot be used as a predicate felony conviction according to section 70.06 of the Penal Law. This court is not so persuaded. Indeed, the defendant was sentenced as a "committed youthful offender” pursuant to article 3B of chapter 148 of the North Carolina State Prison System Laws (NC GS, § 148-49.4).
Unfortunately for Elliott, the North Carolina youthful offender statute bears but little resemblance to CPL article 720, New York youthful offender statute. For example, an adjudication as a youthful offender in New York obliterates for all legal purposes the criminal conviction. This singular consequence of the New York statute has a significant application of the predicate felony law (Penal Law, § 70.06), since a youthful offender adjudication cannot be used as the basis for a finding that a defendant is a predicate felon. However, the North Carolina statute has no such obliterating and expunging provision. Rather, it has two purposes: The first is to provide separate prison facilities for convicts under the age of 21 so that they will be isolated from older, more hardened criminals, thus improving their hopes for rehabilitation; the second purpose is to provide the court with an additional sentencing possibility — indeterminate sentences where the Parole Board determines the actual length of incarceration. However, the statute does not otherwise change the legal status of a "committed youthful offender”. He is still convicted of a felony, his records are not sealed. Moreover, a sentence as a "youthful offender” is mandatory for all defendants convicted of crimes in North Carolina between the ages of 16 and 21. It is not discretionary as it is in New York. It is not limited to those who have committed crimes before their 19th birthday, and it is available more than once, while in New York it can be granted only once. Here the court notes that the defendant was also convicted in North Carolina on February 16, 1973 of the felony of larceny for which he was sentenced to an indeterminate term of imprisonment of up to four years as a committed youthful offender. It also should be noted that Elliott was over 19 years old when he committed the second crime which constitutes the predicate felony conviction here.
Thus, although the defendant has endeavored to attribute the generosity and magnanimity of the New York youthful offender statute to its distant cousin in North Carolina, this *796 effort is in the nature of comparing a rose to a weed. Merely calling a weed a rose does not change its character. A weed is a weed.
The defendant has been convicted of a felony in North Carolina and there is nothing in the North Carolina statute that changes the nature of that felony conviction. Moreover, that conviction would also constitute a felony in New York and the defendant must, therefore, be sentenced as a predicate felon pursuant to the provisions of section 70.06 of the Penal Law. (See People v Bove, 70 AD2d 545; People v Mazzie, 78 Misc 2d 1014.)

 The defendant escaped from custody while serving that sentence and an extradition warrant from North Carolina has been lodged against the defendant.