446 So.2d 1211 (1984)
STATE of Louisiana
v.
Jerome KNOX.
No. 82-KA-0473.
Supreme Court of Louisiana.
February 27, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Allen W. Helm, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet, Asst. Public Defender, for defendant-appellant.
*1212 PER CURIAM.
Jerome Knox was charged by bill of information with two counts of felony theft, La.R.S. 14:67 and a single count of forgery, La.R.S. 14:72. The basis of the theft charge was the taking of two ladies dress suits valued at $150 from a department store. In a separate incident, defendant and two other persons negotiated a United States Treasury check for $283. On September 28, 1981, the defendant entered pleas of guilty to the forgery charge and to one theft charge. The second theft count was deleted from the bill as part of a plea bargain. The trial court, after considering a presentence investigation report, sentenced defendant to two years at hard labor for the theft charge and to eight years at hard labor for the forgery offense, the sentences to run concurrently. On appeal, defendant's convictions were affirmed by this court; however, because the trial court failed to provide an adequate record of its sentencing considerations and the factual basis therefor, we vacated the sentence imposed and remanded the case for resentencing in accordance with the law. State v. Knox, 425 So.2d 707 (La.1982). On remand, the trial court conducted a resentencing hearing and again sentenced the defendant to two years at hard labor on the theft charge and eight years at hard labor on the forgery charge, to run concurrently, and stated additional reasons, which, in pertinent part, were as follows:
[T]he defendant was first referred to the Family Court Center on February 18, 1974, for theft. He was counselled and warned. On July 9th of 1975 the defendant was again referred to the Family Court Center for theft, and on October 22nd of 1975 the defendant was placed on a suspended commitment to L.T.I. with the special condition that he attend the Mental Health Clinic. However, the defendant was arrested on three subsequent occasions on March 16th of 1976, April 10th of 1976 and April 16th of 1976 and charged with theft. As a result, on May 5th of 1976 the defendant was committed to L.T.I., and he was later discharged on January 19th of 1977 after serving the interim period at that institution. As an adult, the defendant's rapsheet indicates that on January 31st of 1978 he was found guilty of theft and sentenced to serve six months in the parish jail. On July the 5th of 1977 the defendant was found guilty of theft and sentenced to pay $50.00 plus ten days and court costs. On September 16th of 1981 the defendant was sentenced to pay $200.00 or sixty days foron the charge of fistic encounter, $20.00 or five days and twenty-four straight time days for Contempt of Court for failure to appear in Court in connection with those charges.
* * * * * *
Also the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution, and the Court cites that although the defendant is classified as a first felony offender, he has shown a pattern of pursuing a life of criminal activity dating back to 1974. Also the Court notes that the defendant is being sentenced for two separate felony incidents non-related as well as the fact that the Division of Probation and Parole recommends this sentence of incarcerationpardon methe Division of Probation and Parole recommends the maximum sentence of incarceration although this is not the maximum sentence.
Defendant appealed from the reimposition of these sentences urging one assignment of error, that the sentences imposed are excessive. Our review of the record indicates that the trial court imposed these sentences after careful assessment of the facts and circumstances surrounding the defendant's commission of two independent crimes, and after being fully informed of the defendant's personal background and past juvenile and adult criminal record. Although these are the defendant's first felony convictions, the record reflects his consistent involvement in criminal activity over a four year period preceding the reimposition *1213 of the sentences. In view of the record in this case and the additional sentencing reasons given by the trial court, we are unable to say that the sentencing judge abused his discretion or that the defendant's sentences are excessive. Accordingly, the defendant's sentences are affirmed.
AFFIRMED.