ARMSTRONG, Judge.
The defendant, Jimmie L. Jackson, was charged with and convicted of a violation of LSA-R.S. 40:969, relative to the offense of possession of flurazepam. He was sentenced as a multiple offender to serve seven years at hard labor without the benefit of parole, probation or suspension of sentence. It is from this conviction and sentence that the defendant has appealed.
The record reflects that on December 17, 1984, three New Orleans police officers were patrolling in an unmarked police car when they observed the defendant walking on North Villere Street. The defendant removed a brown bottle from his right front pocket and threw it into a nearby cluster of bushes. The officers stopped their vehicle and retrieved the bottle. It contained Dalmine tablets, a trade name for flurazepam, obtained from a prescription issued to Theodore Sanders.
The state presented the testimony of Theodore Sanders. He testified that he did not know the defendant and had not given him the drugs. Sanders further testified that he had not lost any pills, but that he does throw away the empty bottles without removing the label.
A review of the record reflects that there are no errors patent.
By his only assignment of error, the defendant alleges that the trial court erred in permitting the district attorney to inquire into the defendant’s juvenile record.
At trial, the defendant took the stand and testified on his behalf. He admitted *537 that he originally gave the investigating police officers a false name because he had police records both as a juvenile and as an adult. The defendant listed his past adult convictions and stated as follows:
And the juvenile, I don’t know. I guess everybody do something minor as a juvenile. I don’t know what happened with that.
On cross-examination the prosecutor questioned the defendant without objection on his adult record. The prosecutor then questioned the defendant regarding his juvenile record and the following exchange took place:
By MS. HEAD:
Q. You said you had some minor — what did you call them? Minor disturbances as a juvenile. Was that the phrase that you used? I don’t remember the phrase — something minor as a juvenile. A. Well, I said that mostly anybody done minor things as a juvenile.
Q. Okay. Do you think that simple burglary is minor?
A. I can’t recall it?
Q. You can’t recall it?
A. No.
Q. All right. Is it so minor that it escapes your memory, these crimes?
A. I don’t know anything about that. Q. Well, as a juvenile then, why don’t you tell us? You started talking about your record as a juvenile. Why don’t you tell us about it then.
If you can’t remember, tell us what you can remember.
BY MR. WELCH:
Your Honor, I’m going to object—
BY THE WITNESS:
I don’t know what you’re talking about. BY MR. WELCH:
—to her talking about his juvenile record. She has gone into extensive cross-examination about his record, he’s admitted to his record and—
BY MS. HEAD:
Your Honor, that’s the whole problem here. I have to object to that statement. He’s not admitted to his record and that’s the whole point.
BY MR. WELCH:
But he has admitted to the record— BY THE COURT:
On direct, the Court feels he opened the door to his juvenile record classifying it as a minor record.
The Court is going to allow the State to probe this area also.
BY MR. WELCH:
Please note our objection to that, Your Honor.
The trial judge has great discretion in determining the depth and length of the inquiry into the past convictions and his ruling will not be disturbed absent a showing of abuse. State v. Kimble, 407 So.2d 693 (La.1981), State v. Brown, 371 So.2d 746 (La.1979).[1] In impeaching the credibility of a defense witness, the State may not only establish prior convictions of the witness, but may also cross-examine him about the details of those convictions in order to show the true nature of the offenses. Kimble, supra; State v. Jackson, 307 So.2d 604 (La.1974).[2] This rule also applies to defendants who testify in their own behalf. State v. Kimble, supra; State v. Connor, 403 So.2d 678 (La.1981).
However, in the instant case the prior record involves a juvenile conviction. The defendant argues that a juvenile adjudication is jurisprudentially and statutorily exempted from the definition of crime, and therefore cannot be used to impeach the defendant under LSA-R.S. 15:495. The defendant cites State v. Roberts, 331 So.2d 11 (La.1976), reversed on other grounds, 431 U.S. 633, 97 S.Ct. 1993, 52 L.Ed.2d 637 (1977) and State v. Daniel, 378 So.2d 1361 (La.1979) in support of his argument. Both of these cases rely on LSA-R.S. 13:1580 which at that time specified that a juvenile adjudication shall not be deemed a convic *538 tion. That part of the statute has since been repealed and replaced by C.J.P. Arts. 83 et seq. and 87 et seq. which do not specifically provide this. The confidentiality of juvenile records is still provided for by C.J.P. Art. 14(E) and R.S. 13:1586, however. R.S. 13:1586 specifically provides that juvenile records are privileged information.
Art. 5 § 19 of the Louisiana Constitution provides that the legislature may in some instances make special provisions whereby a juvenile accused of a crime will be subject to adult procedures. However, the general rule that juvenile offenders shall be subject to the jurisdiction of the juvenile courts still applies.
No adjudication by the Court upon the status of any child shall operate to impose any of the civil disabilities ordinarily resulting from conviction, nor shall any child be deemed a criminal by reason of such adjudication, and such adjudication shall not be deemed a conviction. R.S. 13:1580(5)(B) (1974).
Generally, a juvenile adjudication of delinquency may not be a conviction of a crime for purposes of impeachment under R.S. 15:495. However, in this instant case the defendant made reference to the juvenile record during direct examination thereby “opening the door” for clarification on cross-examination. A defendant’s juvenile record may be explored by the State where the defendant himself has “opened the door” by placing his prior juvenile record at issue before the court. State v. Barrett, 350 So.2d 664 (La.1977); State v. Knight, 323 So.2d 765 (La.1975); State v. Bennett, 454 So.2d 1165 (La.App. 1st Cir.1984). In addition, the defendant’s admission that he gave the arresting officer a false name and the defendant’s testimony about his extensive adult conviction record combined to discredit the defendant even without the juvenile adjudication.
We note that while the defendant objected to the questioning, he did not request a mistrial.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.

Affirmed.

. Reversed on other grounds. Brown v. Louisiana, 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980).

. But see State v. Williams, 339 So.2d 728 (La. 1976).