DOUCET, Judge.
The above numbered and entitled appeal was consolidated with an appeal entitled State of Louisiana v. Denny Joe Fontenot, 532 So.2d 414 (La.App. 3rd Cir.1988), our Docket Number CR88-174. Both appeals arise out of the same circumstances. We decide all issues presented in both appeals in this opinion but render a separate decree in the companion appeal.
On December 7, 1987, the defendant, Denny Joe Fontenot (age 38), pleaded guilty to five counts of distribution of marijuana, a violation of La.R.S. 40:966(A)1. On January 7, 1988, the defendant was sentenced to serve three years at hard labor for each count, all sentences to run concurrently. Defendant now appeals contending that the trial judge failed to comply with art. 894.1, and that his sentence is excessive.
Defendant was charged with six counts of distributing marijuana and one count of distributing a false controlled dangerous substance. Defendant pleaded guilty to five counts of distributing marijuana. The charge of distributing a false controlled dangerous substance, and one charge of distributing marijuana were nolle prose-qui’d.
ASSIGNMENT OF ERROR NO. 1:
By this assignment of error the defendant argues that the sentence imposed was excessive.
*413 A sentence is unconstitutionally excessive, in violation of Art. I § 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980). Even sentences within statutorily mandated limits may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
A trial judge is given wide discretion in the imposition of sentences within statutory limits. Absent a manifest abuse of that discretion, the sentence imposed by a trial judge should not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La. 1982).
Support for the proposition that the sentence in the instant case is not excessive is found in other cases concerning distribution of marijuana.
In State v. Mayes, 325 So.2d 591 (La. 1976), the Louisiana Supreme Court affirmed a sentence of nine years at hard labor and a $2,500 fine on a conviction for first offense distribution of marijuana.
In State v. Reed, 499 So.2d 132 (La.App. 2nd Cir.1986), the defendant was convicted of three counts of distribution of marijuana and sentenced to three years at hard labor on two of the counts, which were to run concurrently, and four years at hard labor on the third count, which was to run consecutively to the other two counts. The Court of Appeal found this sentence not to be excessive considering the defendant’s prior misdemeanor offenses.
In the instant case, defendant received a three year sentence after pleading guilty to five counts of distributing marijuana. Defendant could have received up to ten years on each count.[1] Defendant received a sentence in the lower range of possible sentences.
Further, defendant benefited from being permitted to enter a plea agreement wherein two other charges against him were not prosecuted. A court can consider that the defendant benefited from a plea agreement in passing sentence. Lanclos, supra.
The number of offenses involved, the fact that defendant benefited from being allowed to enter a plea bargain agreement, and a comparison of this case to other cases concerning distribution of marijuana, clearly illume support for the relatively short sentence handed down. Thus, we find that defendant’s sentence is not excessive.
ASSIGNMENT OF ERROR NO. 2:
By this assignment of error the defendant argues that the trial court failed to adequately articulate the reasons for sentence and the factual basis therefor, as required by La.C.Cr.P. art. 894.1.
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis, for imposition of sentence. La.C.Cr.P. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). The trial court does not have to state every aggravating and mitigating factor, but the statutory guidelines in art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La. 1982), appeal after remand 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983). Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand 508 So.2d 915 (La.App. 4th Cir.1987); State v. Ezernack, 408 So.2d 907 (La.1981).
In the case at bar the trial judge stated only:
“Okay, I have reviewed the pre-sentence report and conclude, due to defendant’s prior criminal activity and the seriousness of the offense; the offenses being the number of offenses that incarceration is in order. I sentence the defend *414 ant on Count 1 to serve three years with the Department of Corrections, and Counts 2 through 5, a similar sentence to run concurrent with each other and to run concurrent with the sentence imposed in Count 1.”
While the trial judge referred to the pre-sentencing report in passing sentence, he did not mention any of the mitigating factors contained therein. A review of the pre-sentence report reveals the following mitigating factors which were not articulated. The defendant in the instant case is a first felony offender, married, with three children from a previous marriage. Defendant is an honorably discharged veteran with a twelfth grade education.
The trial court mentioned only the seriousness of the charged offense and failed to mention any of the aforementioned mitigating factors. The trial court failed to comply with art. 894.1.
Failure to comply with art. 894.1 does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, supra at 672, the court stated:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant’s complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for re-sentencing on an adequate record, including strict compliance with Article 894.1.”
As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. Lanclos, supra.
While there were mitigating factors that should have been articulated, their mitigating impact is slight. Defendant has three children but he is divorced, and his children live with their mother and their step-father in Pennsylvania. Defendant’s incarceration will not cause any significant hardship to his family. Defendant presently has a common law wife. Incarceration could work some hardship on her.
It is also true that defendant is a first felony offender but he does have a misdemeanor record which includes a conviction for simple battery, a conviction for making harassing phone calls, and a conviction for driving while intoxicated. Defendant is a first offender but he has not led a crime-free life.
The record in this case clearly provides factual grounds adequate to support the sentence imposed. The failure of the trial judge to articulate consideration of mitigating factors does not change these facts. Thus, we find that remand for resentencing is unnecessary.
These assignments of error lack merit.
For the reasons assigned, the conviction and sentence of the defendant, Denny Joe Fontenot, are affirmed.
AFFIRMED.

. Note that the legislature has amended the penalty portion of this statute to now provide for greater jail terms for persons convicted of distributing marijuana.