571 So.2d 828 (1990)
STATE of Louisiana, Plaintiff-Appellee,
v.
George DEARBORNE, Jr., Defendant-Appellant.
No. CR90-277.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
Writ Denied March 1, 1991.
Henry Lemoine, Andy VanDyle, Pineville, for defendant-appellant.
Cliff Strider, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
*829 Before DOMENGEAUX, C.J., and DOUCET and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns whether the sentencing court imposed a constitutionally excessive sentence.
Defendant, George Dearborne, Jr., was indicted for second-degree murder in violation of LSA-R.S. 14:30.1 and use of a firearm in the commission of second-degree murder in violation of LSA-R.S. 14:95.2 (repealed 1988, and reenacted as LSA-C. Cr.P. Art. 893.1 et seq.). Pursuant to a plea bargain, the State amended the charge of second-degree murder to manslaughter, a violation of LSA-R.S. 14:31, and nolle prossed the charge of use of a firearm in the commission of second-degree murder. Defendant withdrew his previous plea of not guilty and entered a plea of guilty to manslaughter. Defendant was sentenced to twenty-one years at hard labor, the maximum penalty. We affirm.

FACTS
This case arose out of the killing of Alexandria City Police Officer, Luetwinta Johnson Dearborne, defendant's wife. She was found dead in the couple's bedroom with two gunshot wounds to her head. Both gunshots came from the deceased's service revolver which was found in defendant's hands upon arrival at the crime scene. Defendant originally told the police that after arriving home from work, he put a meat patty on the stove, turned on the television, and then encountered an intruder. He then told police that he struggled with the intruder which resulted in a gunshot wound to defendant's left hand when he grabbed the gun barrel. Subsequent investigation revealed the deceased's service revolver also caused defendant's injury to his left hand. Finally, defendant claimed to have chased the intruder and fired at him before calling the police. However, subsequent investigation by the Alexandria City Police Department revealed that defendant's version of the events was a physical impossibility. Moreover, discovery of additional evidence resulted in the defendant changing his statement several times to conform with newly discovered evidence.
A police report prepared by Sergeant Ray K. Delcomyn, which was enclosed with the presentence investigation report, shows many inconsistencies in defendant's statement as to what occurred. The surgeon who operated on defendant's left hand said defendant could not have been shot as he grabbed a gun barrel, because his hand was opened completely and fingers spread apart. Evidence shows the meat patty was put on the stove shortly before the police arrived because the under-surface was barely scorched upon their arrival. The blood spatters show defendant did not chase an intruder out of the house after being shot in the hand. All six cartridges had indentations on their primers, but only three went off because the hammer of the gun got caught in a pillow which was used to cover the gun, muffle the noise, and prevent blood from spattering. All of this evidence discloses a deliberate, systematic plan created by defendant to cover up the murder of his wife.
After reviewing the presentence investigation report and considering evidence presented by defendant, the sentencing court imposed twenty-one years at hard labor. In complying with LSA-C.Cr.P. Art. 894.1 the sentencing court gave reasons for its sentence. The reasons for sentence show a careful and thorough consideration of the presentence investigation, defendant's background and the nature of the crime. In affirming the sentencing choice, we incorporate and adopt the reasons as our own, which we set forth below:
"BY THE COURT: Let me say offhand that the arguments of defense counsel were persuasive, and one of the things that I certainly agree with is that my duty at this time is not one of the most pleasant aspects of this job. This is a tragic case. It has destroyed an entire family. That is a fate accomplished. There is nothing anybody can do about that at this time.
Mr. Dearborne, you were originally charged with the offense of second degree murder. The offense was reduced *830 by the Office of the District Attorney to manslaughter, to which you have pled guilty. In reaching a decision on the sentence you are about to receive I have carefully considered the information supplied to me by your attorneys and their arguments. In accordance with Article 894.1 of the Code of Criminal Procedure I have gone over the sentencing guidelines in reaching a decision on this case.
The pre-sentence report shows that you have no prior criminal history and a commendable military service, as well as a commendable record as a police officer. You have apparently been a law abiding [sic] citizen prior to the commission of this crime, and there is no doubt in this Court's mind that prison will be hardship [sic] to you. But you have admitted to the Court that you have killed your wife. Your conduct caused serious harm to the family of Mrs. Dearborne and to everyone concerned with this. Her life was taken. The Court is of the opinion that you committed a senseless and brutal act. There can be no excuses for the taking of a human life. The manner in which the offense was committed was especially heinous. You were a police officer when you committed this crime. If we cannot expect the highest standard of conduct from those empowered to enforce our laws, then there is not much hope for an orderly and law abiding [sic] community.
Again, I have carefully considered the evidence presented to me as to your good character. It is, however, my duty to this community and to this court to base my decision on what I believe to be right and just, no matter how unpleasant that duty may be. The Court is of the opinion that any lesser sentence than which I am about to impose would depreciate [sic] the seriousness of your crime. Your conduct cannot go unpunished to the full extent of the law. To do less would be making a mockery of our laws and our hope for a law abiding [sic] community. As I have said, we looked upon you as a police officer to protect us from harm. We trusted you with our lives and our property, and you betrayed this trust in the worst possible manner."
Moreover, the record shows that defendant knew that when he pleaded guilty to manslaughter, he was exposed to the maximum sentence. The following colloquy took place when defendant entered his guilty plea:
"BY THE COURT: Do you further understand, sir, that the maximum sentence which you could receive in this matter is twenty-one (21) years at hard labor with the Department of Corrections?
BY MR. DEARBORNE: Yes sir."

EXCESSIVE SENTENCE
Article I section 20 of the Louisiana Constitution prohibits the imposition of an excessive sentence. A sentence is excessive when it is grossly disproportionate to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). A sentencing court may consider the effect of a reduced penalty because of a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Fontenot, 532 So.2d 412 (La.App. 3rd Cir. 1988), writ denied, 538 So.2d 589 (La.1989).
The defense cites a line of cases which say maximum sentences are reserved for the worst kind of offender or the worst kind of crime. State v. Telsee, 425 So.2d 1251 (La.1983). The defense also requested leniency because defendant was an Alexandria City Police Officer, had an excellent military record, and became a productive member of society even though others raised in his situation turned to crime.
The record shows that defendant, originally indicted for second-degree murder, shot his wife twice in the head at pointblank range with her own police service revolver while she lay in bed. In an effort to muffle the sound of the gunshot and/or *831 reduce the back spatter of blood, defendant fired the first shot through a pillowcase at point-blank range. Defendant pulled the trigger of the revolver three more times, but no shots rang out because the firing pin of the revolver was caught in the cloth fabric of the pillowcase. Defendant discarded the pillowcase and pulled the bedspread over the revolver and fired one more shot at point-blank range.
Moreover, in an effort to cover up the homicide, defendant shot himself in the left hand and also "planted" a loaded 22 caliber rifle in the backyard. In addition, defendant, an Alexandria police officer, with knowledge of internal procedures, techniques, etc., fabricated several stories in an effort to thwart the police investigation. All of the forensic evidence shows that defendant committed a brutal and calculated murder of his wife and mother of their minor child. He committed a very heinous offense.
The jurisprudence is clear that the maximum sentence is appropriate in cases involving the most serious violations of the offense of manslaughter. State v. Hahn, 526 So.2d 260 (La.App. 2nd Cir.1988), writ denied, 532 So.2d 150 (La.1988); State v. Freeman, 521 So.2d 783 (La.App. 2nd Cir. 1988), writ denied, 538 So.2d 586 (La.1989). Considering the nature of this crime, we find that the sentence of 21 years at hard labor is not constitutionally excessive. Further, we have considered the punishment and the crime in light of the harm to society, and we do not find the punishment so disproportionate as to shock our sense of justice.
For the foregoing reasons, the defendant's sentence is affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.