647 So.2d 1388 (1994)
STATE of Louisiana, Respondent
v.
Nelson YOUNGBLOOD, Jr., Relator.
No. 26,722-KH.
Court of Appeal of Louisiana, Second Circuit.
December 22, 1994.
Writ Denied March 17, 1995.
*1389 Indigent Defender Office by Stanley McDonald, for relator.
Richard Ieyoub, Atty. Gen., Paul Carmouche, Dist. Atty., and Catherine M. Estopinal, Asst. Dist. Atty., for respondent.
Before HIGHTOWER, BROWN and STEWART, JJ.
HIGHTOWER, Judge.
We granted this writ to consider relator's post-conviction relief application challenging the validity of his habitual offender adjudication. He contends that his felony conviction in Texas, where he appeared in proceedings as an adult after committing the crime of first degree burglary at age fifteen, should not constitute a predicate offense under Louisiana's Habitual Offender Law, LSA-R.S. 15:529.1. We reject this contention, recall the writ, and deny relief.

BACKGROUND
On December 6, 1990, while incarcerated in the Caddo Detention Center during his appeal from a distribution of cocaine conviction, Nelson Youngblood, Jr. set fire to the mattress of his cell in an apparent escape attempt. After a jury convicted him of simple arson in March 1991, the state filed a second felony offender accusation based upon his commission in Texas, at age fifteen, of a crime equivalent to simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2. Although an individual of that age would be treated as a juvenile in Louisiana, our neighboring state tried Youngblood as an adult and imposed a sentence of ten years at hard labor, following his guilty plea in May 1986.
After adjudicating him an habitual offender on May 31, 1991, the Caddo Parish court sentenced defendant to nine years at hard labor, consecutive to any other sentence. We affirmed in an unpublished opinion. Then, in early 1993, Youngblood sought post-conviction relief, claiming the guilty plea in Texas occurred without adequate advisement of his Boykin rights. Ultimately, his efforts in that regard proved unsuccessful. When relator subsequently filed the present petition, the district court deemed his age to be "of no consequence" and denied relief. We thereafter granted this writ.

DISCUSSION

PROCEDURAL ISSUES
The state, in its reply brief, attempts to interpose several procedural obstacles to Youngblood's writ application. We reject these and will review his PCR petition on its merits.
Relator essentially challenges his adjudication, in 1991, as a multiple offender. Although such a complaint is not enumerated in LSA-C.Cr.P. Art. 930.3, which sets forth the exclusive grounds for PCR, the supreme court regularly hears post-conviction claims leveled at multiple offender adjudications. See, e.g., State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991); State v. Martin, 427 So.2d 1182 (La.1983); State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982). It is reasoned that, pursuant to LSA-C.Cr.P. Art. 882, an illegal sentence may be corrected at any time. See State ex rel. Wilson, supra. We see no reason to treat the present matter differently.
In that he failed to raise the claim in his previous PCR application, relator's petition arguably could be dismissed pursuant to LSA-C.Cr.P. Art. 930.4(E). The trial court, however, exercised its discretion to consider the merits of the complaint. We, in turn, will review the resolution eventually reached.
Nor, despite his failure to object to the Texas conviction at the multiple offender hearing, should the recent changes to LSA-R.S. 15:529.1(D)(1)(b) preclude consideration of Youngblood's complaint.[1] Under similar *1390 circumstances in the past, a defendant would have been relegated to post-conviction relief, but could still seek to set his sentence aside. See State v. Martin, supra. Thus, retroactive application of the amendment in question would alter the situation to the accused's disadvantage by denying him an avenue of challenge otherwise available, even where he had no notice that his lack of action would produce such an effect. We therefore conclude that the change in LSA-R.S. 15:529.1(D)(1)(b) should apply only to habitual offender proceedings occurring after its effective date. Cf. State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978); State v. Curtis, 363 So.2d 1375 (La.1978), aff'd, U.S. ex rel. Curtis v. Blackburn, 748 F.2d 1047 (5th Cir.1984). The Legislature, if intending this provision to apply retroactively, would have established a reasonable delay period within which to bring such claims before extinguishment. Cf. State ex rel. Counterman v. Whitley, 611 So.2d 661 (La.App. 1st Cir.1992), rev'd on other grounds, 613 So.2d 627 (La. 1993), and authorities therein.

MERITS
Youngblood's application presents a res nova issue in Louisiana: whether an out-of-state felony, resulting from the prosecution of a fifteen-year-old as an adult (for first degree burglary in Texas[2]), constitutes a predicate offense under LSA-R.S. 15:529.1. Relator argues that, inasmuch as he could not have been treated as an adult in Louisiana,[3] his out-of-state crime cannot be considered a felony. As previously stated, we reject that contention.
Louisiana's Habitual Offender Law, LSA-R.S. 15:529.1(A), states:
Any person ... who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished [as an habitual offender]. [Emphasis added.]
This statute, intended to enhance punishment for repeat offenders, simply provides an ancillary factor for the sentencing judge's consideration when meting out the prescribed penalty following a defendant's most recent conviction. State v. Dorthey, 623 So.2d 1276 (La.1993). It not only acts as a deterrent and warning to first offenders, but also protects society by removing recidivists from its midst. Id.; State v. George, 218 La. 18, 48 So.2d 265 (1950), cert. denied, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951).
*1391 Several other jurisdictions, upon considering similar habitual offender provisions, have concluded that out-of-state adult convictions of juvenile-age offenders may properly be used to enhance punishment. See, e.g., Muir v. State, 308 Md. 208, 517 A.2d 1105 (1986); Collums v. State, 654 P.2d 1070 (Okla.Crim.App.1982); McManners v. State, 650 P.2d 414 (Alaska Ct.App.1982); People v. Hamilton, 104 A.D.2d 1048, 481 N.Y.S.2d 116 (N.Y.App.Div.1984); People v. Elliott, 99 Misc.2d 794, 417 N.Y.S.2d 191 (N.Y.County Ct.1979).[4] For instance, in concluding that any other interpretation would thwart the public protection and deterrent aspects of the statute, Maryland's highest court observed that "the mere fact that [the defendant] would have been deemed a juvenile ... in Maryland does not preclude these offenses from being considered as predicate felonies." Muir, supra. Similarly, an Alaska court indicated that a defendant's earlier out-of-state processing as an adult (while still a juvenile under Alaskan law) "plac[ed] him on notice that further criminal activity would be severely sanctioned," and, as a consequence, the convicted criminal knew or should have known that his prior history would be relevant for sentencing purposes. McManners, supra. See also the lower court opinion in Muir v. State, 64 Md.App. 648, 498 A.2d 666 (Md.Ct.Spec.App.1985), aff'd, 308 Md. 208, 517 A.2d 1105 (1986).
We find the interpretations of our brethren in the aforementioned states both persuasive and in accord with the principles underlying our own habitual offender statute. We thus conclude that, where an individual has been accorded treatment as an adult by an out-of-state court and convicted of a crime qualifying as a felony in Louisiana, the fact that the defendant would have been considered a juvenile in this state does not preclude the use of such conviction as a predicate felony under LSA-R.S. 15:529.1. By being handled in the earlier proceedings as an adult, a youthful offender is made aware of the seriousness of his behavior and thereby placed on notice that, in the event of further violations, society will not regard his actions as minor childhood transgressions to be forgiven upon reaching maturity. Cf. State v. Blackwell, 377 So.2d 110 (La.1979), concluding that a crime considered a felony at time of commission, although later downgraded to a misdemeanor, could still be used as a predicate for multiple offender purposes.
This reading of the statute additionally conforms with that jurisprudence reflecting that a defendant's juvenile history is an appropriate sentencing consideration. See State v. Knox, 446 So.2d 1211 (La.1984); State v. Taylor, 545 So.2d 1237 (La.App.2d Cir.1989), writ denied, 551 So.2d 1332 (La. 1989); State v. Bennett, 623 So.2d 74 (La. App. 1st Cir.1993), writ denied, 93-2128 (La. 3/11/94), 634 So.2d 404. In the case sub judice, Youngblood committed the act of arson as an adult and at a time when he knew, or should have known, that his prior record would be relevant in deciding his sentence.
Neither are we impressed by relator's contention that, through recent amendments allowing the use of certain in-state juvenile adjudications as predicate felonies (see Acts 1994, Third Extraordinary Session, No. 23), the Legislature implicitly intended to exclude minors' out-of-state adult convictions from consideration in multiple offender proceedings. With Youngblood having been convicted in Texas as an adult, these enactments concerning juvenile adjudications have no application to the case at hand.
Generally, juvenile delinquency is not synonymous with a criminal act. See State in Int. of Brecheen, 264 So.2d 779 (La.App. 1st Cir.1972), writ refused, 262 La. 1175, 266 So.2d 450 (1972); State v. Malone, 156 La. 617, 100 So. 788 (1924); 43 C.J.S. Infants *1392 § 31 (1978). See also State v. Jackson, 490 So.2d 536 (La.App. 4th Cir.1986). Consequently, in the present circumstances, our multiple offender statute necessitates separate and distinct determinations by the two states involved. First, the foreign jurisdiction resolves whether the conduct in question constitutes a "crime." Here, of course, Youngblood has been convicted in the Texas courts of the crime of first degree burglary. With that determination having been made, Louisiana law then delineates whether the equivalent crime, committed in this state, classifies as a "felony."[5] Most assuredly, the commission of the equivalent crime, simple burglary of an inhabited dwelling, comprises a felony in Louisiana.
Put more directly, Youngblood was not adjudged a delinquent in our sister state. Instead, he was convicted of a crime, the crime of first degree burglary, which would be a felony (simple burglary of an inhabited dwelling) in Louisiana. We therefore find no error in the trial court's decision to deny relator's application for post-conviction relief.

CONCLUSION
For these reasons, we recall our previous writ as improvidently issued, and deny defendant's application for post-conviction relief.
WRIT RECALLED; RELIEF DENIED.
NOTES
[1] Acts 1993, No. 896, effective August 15, 1993, amended LSA-R.S. 15.529.1(D)(1)(b) to provide in pertinent part:

Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
[2] At the time defendant committed the out-of-state offense, Texas Penal Code Annotated provided as follows:

§ 30.02 Burglary
(a) A person commits an offense if, without the effective consent of the owner, he:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or
(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or
(3) enters a building or habitation and commits or attempts to commit a felony or theft.
. . . .
(c) Except as provided in Subsection (d) of this section, an offense under this section is a felony of the second degree.
(d) An offense under this section is a felony of the first degree if:
(1) the premises are a habitation; ...
§ 12.32 First-Degree Felony Punishment
(a) An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years.
(b) In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000.
[3] When defendant pled guilty to first degree burglary in Texas on May 22, 1986, a juvenile fifteen years of age or older could be treated as an adult in Louisiana only upon the commission of certain designated offenses. See former LSA-C.J.P. Art. 15 and LSA-R.S. 13:1570, replaced by LSA-Ch.C. Arts. 303 and 305 upon enactment of the Louisiana Children's Code by Acts 1991, No. 235. These enumerated crimes did not include simple burglary of an inhabited dwelling, our equivalent of first degree burglary in Texas. Cf. LSA-R.S. 14:62.2.
[4] Other states have prohibited the use of out-of-state adult convictions of minors, where the forum state would have treated the offender as a juvenile. See Justice v. Hedrick, 177 W.Va. 53, 350 S.E.2d 565 (1986); People v. McIntire, 7 Mich.App. 133, 151 N.W.2d 187 (1967).
[5] For purposes of both criminal prosecutions and juvenile proceedings, Louisiana defines a "felony" as any offense punishable by death or imprisonment at hard labor. See LSA-R.S. 14:2(4); LSA-Ch.C. Art. 116(5); former C.J.P. Art. 13(5).