655 So.2d 687 (1995)
STATE of Louisiana, Appellee,
v.
Cedric L. FREELON, Appellant.
No. 26938-KA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1995.
*688 Steven A. Hansen, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., J. Michael Ruddick, Asst. Dist. Atty., Monroe, for appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
SEXTON, Judge.
Defendant Cedric Freelon, a 16-year-old male, was charged with second degree murder as a result of a shooting that occurred in Monroe, Louisiana. After a jury convicted him of manslaughter (LSA-R.S. 14:31), the trial court sentenced him to 40 years at hard labor. Defendant brings this appeal, urging that his sentence is excessive and that the trial court considered inappropriate aggravating circumstances in departing from the sentencing guidelines. We reverse the sentence and remand.
On October 15, 1993, at about 8:15 p.m., a group of juveniles gathered at the corner of Girod Street and South 10th Street in Monroe. One of these youths was wearing a baseball cap. The 24-year-old victim (whose blood-alcohol level was .17 percent) began to fight over the cap with its owner. Defendant, who was a part of the group gathered around the fight, told the youth with the cap that he "would not let someone talk to him that way." The victim then told the defendant to mind his own business and called him several names, allegedly including racial slurs. (Both the defendant and the victim are black.) Defendant stated that the victim threatened him with a knife; however, none of the several witnesses to the shooting confirmed his story. Defendant produced a .380 caliber semi-automatic pistol and fired it twicefirst into the ground and then into the chest of the victim. The victim later died during emergency surgery.
Defendant assigns as error the excessiveness of his sentence and that the trial court erred in failing to sentence the defendant in accordance with the Louisiana Sentencing Guidelines grid of 150 to 180 months. The defendant contends that no aggravating circumstances existed sufficient to justify a departure.
In the sentencing transcript, the trial court indicated that Freelon fell into guidelines grid-cell 1-D, which suggests a term of incarceration between 150 to 180 months (12.5 to 15 years). Freelon has one adjudication of delinquency for extortion, LSA-R.S. 14:66. This crime is a grid-level 4 felony. Ordinarily, the crime would be worth two criminal history index points [La.S.G. Sec. 402(A)], but because defendant was a juvenile when he committed the crime, it raises his index by only one point. La.S.G. Sec. 402(C). Because Freelon was on probation for an extortion offense when he committed the instant offense, his "custody status" raises his criminal history index to two points. La.S.G. Sec. 205(C)(3)(d). Thus, the court correctly identified defendant as a grid-cell 1-D offender.
The trial court, however, chose to depart upward from the guidelines for several reasons. The court indicated that this was not a "typical case" and found:
1. The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.
2. The offender knowingly created a risk of death or great bodily harm to more than one person.
3. The offender used threats of or actual violence in the commission of the offense.

*689 4. The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.
5. The offender used a dangerous weapon in the commission of the offense.
6. The offender was persistently involved in similar offenses not already considered as criminal history or as part of a multiple offender adjudication. 7. Any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.
When giving defendant's history, the trial court also indicated that the defendant had been a discipline problem at school and had begun using alcohol at age 14.
We note that the majority of reasons cited by the trial court for the upward departure from the guidelines are inherent in a crime such as this case presents. We do agree, however, that the fact that defendant created a risk of great bodily harm to more than one person, the persistent involvement by defendant in fights and skirmishes, and his disciplinary history and alcohol use were valid reasons in the consideration of an upward departure from the guidelines. While the record before us supports a departure from the guidelines, under the circumstances of this case, however, we find the imposition of the maximum sentence unconstitutionally excessive.
A sentence is unconstitutionally excessive, in violation of LSA-Const. Art. I, § 20 if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. denied, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). Even a sentence within statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Maximum sentences are reserved for the worst offenders. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984).
The sentencing court must examine the circumstances surrounding an offense and impose a sentence appropriate to the defendant's conduct. State v. Cook, 598 So.2d 481 (La.App.2d Cir.1992). The trial judge has much discretion in imposing sentence and a sentence will not be set aside as excessive absent a manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La. 1982).
The pre-sentence investigation reflects that defendant had a juvenile record but this was his first adult offense. In fact, defendant's prior juvenile offenses apparently involved violence. This history was a relevant consideration. State v. Knox, 446 So.2d 1211 (La.1984). However, the youth of the defendant also reflects upon his culpability for his actions as well as his potential for rehabilitation. Further, the trial court's statement that the defendant has been involved in "similar offenses" is thinly supported by the record.
A review of the cases where maximum sentences for manslaughter have been imposed illuminates our discussion. Contrary to the trial court's suggestion, the defendant did not show the kind of deliberate cruelty to the victim present in cases where maximum sentences have been upheld, such as State v. Anseman, 607 So.2d 665 (La.App. 5th Cir. 1992), writs denied, 613 So.2d 989, 990 (La. 1993) (13-month-old victim killed by starvation and extraordinary neglect) or State v. Taylor, 91-2496 (La.App. 4th Cir. 03/29/94), 635 So.2d 416 (victim shot repeatedly with a machine gun). Further, homicides are often committed with a weapon and generally involve violence toward the victim. State v. Walters, 25,587 (La.App.2d Cir. 01/19/94) 630 So.2d 1371 (a case dealing with the correctness of a deviation from the sentencing guidelines but expressing the same concerns about the discrepancy between a defendant's actions and punishment).
Furthermore, it does not appear that this offense was committed in furtherance of some other offense such as armed robbery. State v. Mickey, 604 So.2d 675 (La.App. 1st Cir.1992), writ denied, 610 So.2d 795 (La. 1993). Such a combination is generally what elevates a "typical" manslaughter to the "worst" type of manslaughter. See also *690 State v. Cook, supra. By this reasoning, we do not intend to deprecate the seriousness of the offense; we merely seek to eliminate what we see as a needless infliction of suffering upon a defendant. For the foregoing reasons, we affirm defendant's conviction, but vacate that portion of the judgment imposing a sentence of 40 years at hard labor and remand the case for resentencing in accordance with this opinion.
AFFIRMED IN PART; VACATED IN PART; REMANDED.