| iBYRNES, Judge.
Thaddeus Clements was charged by bill of indictment with second degree murder, a violation of La.R.S. 14:30.1. A jury found the defendant guilty of manslaughter, and the trial judge sentenced him to serve twenty-one years at hard labor. The defendant appealed, and in an unpublished opinion, this Court affirmed the conviction but vacated the sentence and remanded the case to the trial court for resentencing. State v. Clements, 92-2423 (La.App. 4th Cir. 6/30/94), 638 So.2d 1251 (TABLE). At resentencing the defendant again was sentenced to twenty-one years at hard labor. He now appeals his resentencing. We affirm.
The trial transcript is not part of the record. The facts taken from this court’s earlier unpublished opinion dated June 30, 1994, which is part of the record, are as follows:
Francisco Rubio, a friend of Daniel Lach-ney (the victim), testified that he went to Lachney’s apartment at 724 Phillip Street about 8:00 a.m. on February 15,1992. Lach-ney lived above Allen Cazabone, who was another of Rubio’s friends. Rubio bought a case of beer for the three men and between 8:00 a.m. and 3:00 p.m., the men sat on the porch downstairs drinking. At 3:00 p.m. Ru-bio went upstairs to Lachney’s apartment to take a nap. Lachney remained downstairs. Rubio woke up between 6:00 and 7:00 p.m. and began watching the basketball | 2fmals on the television. Defendant, Thaddeus Clements, known as Cocoa, came into the room, stretched out on the mattress, and began watching the television. Rubio said the defendant had been staying with Lachney a day or two. Lachney came into the room and asked the defendant to get out of his bed. Then Lachney went downstairs. About five minutes later, Lachney returned; the defendant was still on the bed watching television. Lachney picked up an umbrella and hit him six or eight times. The defendant stood up, reached into his back pocket, pulled out a gun and shot Lachney. Lachney then took a step away, and the defendant fired two more shots, saying, “Bitch, I told you to leave me alone.” Rubio said all the shots were fired within forty seconds. The defendant then walked down the stairs and out of the apartment.
Thaddeus Clements, the sixteen-year-old defendant, testified that he received $287 a month disability payment from Social Security. He dropped out of school in the ninth grade, spent several months in New Orleans General Hospital and ran away from Hope Haven. The defendant stated that he met Daniel Lachney on the comer of Jackson Avenue and Magazine Street on July 5,1991. Thereafter the defendant lived at 724 Philip Street in a sexual relationship with Daniel Lachney. The defendant related that he gave Lachney his Social Security check every month. The defendant claimed Lachney beat him in the head with a pipe once. On February 15, 1992, the defendant stated that he and Rubio smoked a “joint,” and then he went upstairs and slept all day. He woke up when Lachney hit him over the head. The defendant did not know who hit him, but he reached into his pocket for the gun he had found several days before and shot the person. Clements turned himself into the police.
■| 3The defendant again contends that the sentence is excessive and, citing State v. Soraparu, 93-1636 (La.App. 4th Cir. 1/19/95), 649 So.2d 1100, argues that the trial court should have considered recommendations of the Sentencing Commission, as well as precedent and proportionality. The defendant maintains that the twenty-one year sentence imposed is three times the term recommended by the Sentencing Guidelines and should be reversed.
A sentence may be reviewed for ex-cessiveness even though it is within statutory guidelines. La.C.Cr.P. art. 881.2; State v. Cann, 471 So.2d 701 (La.1985). The imposition of a sentence may be unconstitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992). The record must indicate that the trial court considered factors set forth in the sentencing guidelines. La.C.Cr.P. art. 894.1.
*139 In State v. Smith, 93-0402 (La.7/5/94); 639 So.2d 237, 240, the Louisiana Supreme Court held that:
... (1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive,* but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the consideration taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the consideration taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. (Emphasis in original; *footnote omitted.)
14Thus, while the guidelines must be considered in sentencing, the trial judge has discretion to impose a sentence outside the range suggested if he states for the record adequate reasons for the sentence. Absent a manifest abuse of discretion, the sentence imposed by a trial judge should not be set aside as excessive. State v. Lobato, id., 603 So.2d at 751. A review for individual exces-siveness should consider the particular circumstances of the crime and the sentencing court’s stated reasons and factual basis for its sentencing decision. State v. Soraparu, supra; State v. Lay, 93 1063 (La.App. 1 Cir. 5/20/94), 637 So.2d 801. In the absence of compliance with the sentencing guidelines, a reviewing court is not required to remand for resentencing, as long as the record as a whole justified the sentence where the trial court considered the guidelines but rejected them under the circumstances for the factors articulated. State v. Bennett, 623 So.2d 74 (La.App. 1 Cir.1993), writ denied, 93-2128 (La. 3/11/94), 634 So.2d 404.
When the defendant was resentenced on August 19,1994 in the present case, the trial court stated:
Mr. Clements was initially charged with [sic] offense of second degree murder. The jury found him guilty of a charge of manslaughter. The Court imposed a sentence of 21 years under the manslaughter statute. The appellant court Fourth Circuit ... confirmed the conviction and reversed the sentence, stating that the Court did not abide by the guidelines which they feel or they felt at the time of this opinion were, in fact, mandatory. This matter is remanded for resentencing in conformity with the Fourth Circuit opinion.
Since the Fourth Circuit decided this case, the Louisiana State Supreme Court has decided the case of State versus Roger Smith in which they indicate that the Louisiana sentencing guidelines are not mandatory and that the Court is not bound by law to follow those guidelines. The guidelines in this particular case would require, as stated in the Fourth Circuit opinion, a | ..¡sentence of anywhere from five to seven and one-half years.
This Court has considered the sentencing guidelines. I do not feel them to be applicable in this particular case. In this ease, a person, one human being, took the life of another human being, and as I mentioned at the time of sentencing, Mr. Clements was taken in by the victim in this case, who he eventually shot. He took him in off the street, gave him a home and during an argument between the two Mr. Clements shot and killed the victim, Daniel Latney [sic], in this particular case. This Court is going to impose the same sentence that I imposed initially in this matter because I feel it is the appropriate sentence for the offense ... you committed.
In its original opinion dated June 30, 1994 this court provided the trial court’s statement at the initial sentencing hearing on August 24, 1992 as follows:
In this particular case, the jury, in my opinion, gave you some consideration by returning a verdict of guilty of the reduced charge of manslaughter. There was nothing in this particular case which indicated to me that a reasonable person would have been or should have been provoked as a result of the actions of Daniel Lachney in *140 this matter. And, furthermore, there is nothing in this record to indicate to me that you were provoked as a result of the actions of Daniel Lachney. From all intents and purposes, from everything that was presented to me, Daniel Lachney apparently took you into his home, and the payback that he got from you was the fact that he was gunned down on the front porch of his own home. Although the pre-sentence investigation report indicates to me that you are a first offender, I do believe that this is a very serious offense. Also in reviewing your past background, the Probation Department indicates to me that you’ve not done anything with regard to yourself up to this point concerning school. When you go to school, you never stayed (sic) in school. You had excessive absenteeism from school, which caused you not to complete any of your schooling. You do not have any job history. You also show no remorse for this particular offense but continue to justify your actions, and the only explanation you give is the man woke you up in a sound sleep, you got scared and then shot him. In my opinion, your attitudes and propensities indicate to me that you are someone who is likely to commit another crime if you were given a suspended ^sentence or to be placed on probation. Also, I feel a suspended sentence in this particular case would deprecate the seriousness of this particular charge.
I have reviewed the mitigating circumstances under 894.1, Subparagraph B, and I do not feel that they are present to such an extent as to allow you to be placed on probation or to be given a suspension of sentence.
When this court remanded this case for resentencing, it noted that the trial court “imposed a sentence greater than the designated sentence range provided in the guidelines without any reference to the guidelines.” [Emphasis added.] At the second sentencing hearing on August 19, 1994, the trial court stated that it “has considered the sentencing guidelines,” and the trial court enunciated reasons for deviating from the guidelines because the victim had taken the defendant into his home from off of the street, and the defendant killed a person who helped him.
At the defendant’s first sentencing hearing on August 24, 1992, the trial court also noted that a reasonable person would not have been provoked to shooting the victim under the circumstances. Although the present record does not contain a copy of the presen-tence investigation report, the record indicates that the trial court reviewed it before pronouncing sentence. The trial court reviewed the defendant’s background, noting that he had excessive absenteeism from school, did not complete his schooling, and did not have a job history. The trial court remarked that the defendant did not show remorse for his offense but continued to justify his actions. The trial court found that the defendant was someone who is likely to commit another crime, and suspension of the sentence or placing the defendant on probation in this case would deprecate the seriousness of the particular charge.
[7 In State v. Soraparu, supra, 93-1636 at p. 9, 649 So.2d at 1105, this court noted that:
... Maximum sentences for first offenders convicted of manslaughter have been upheld in State v. Berryhitt, 562 So.2d 1105 (La.App. 4th Cir.1990); State v. Jones, 593 So.2d 1301 (La. 1st Cir.1991), writ denied, 620 So.2d 868 (La.1993); and State v. Dearborne, 571 So.2d 828 (La.App. 3rd Cir.1990), writ denied, 576 So.2d 29 (La. 1991). In each of these cases — as in the case at bar — the trial court commented that the evidence supported a verdict of second degree murder.
However, there is a difference between the maximum sentences imposed in Berry-hill, Jones, and Dearborne and the sentence imposed in the instant case because in 1992 the Louisiana legislature raised the maximum sentence for manslaughter from twenty-one years to forty years_[1]
In State v. Taylor, 91-2496 (La.App. 4th Cir. 3/29/94), 635 So.2d 416, this court af *141 firmed a máximum twenty-one year sentence for manslaughter where the defendant shot the victim four times in the back. In the present case the defendant shot the victim three times. In Taylor this court noted that the presentence investigation report did not recommend probation, and because of some confusion over the defendant’s criminal history, the judge did not emphasize that point. The defendant’s juvenile history is an appropriate sentencing consideration. State v. Knox, 446 So.2d 1211 (La.1984). However, in the present case the presentence investigative report is not in the present record so we must consider the sentence without regard to the defendant’s juvenile record although the State alludes to the defendant’s prior juvenile offenses.
| 8In Taylor this court refers to additional cases in which close to the maximum or the maximum sentence of twenty-one years at hard labor for manslaughter was upheld where the defendant’s record did not disclose a prior felony conviction in the following: State v. Harrison, 529 So.2d 78 (La.App. 3d Cir.1988); State v. Grey, 522 So.2d 1216 (La.App. 4th Cir.1988) (in which the sentence was for twenty years); State v. King, 563 So.2d 449 (La.App. 1st Cir.1990), writ denied 567 So.2d 610 (La.1990); and State v. Maxie, 594 So.2d 1072 (La.App. 3d Cir.1992), writ denied 598 So.2d 372 (La.1992). In Maxie, id., the sentence of twenty-one years at hard labor was not excessive for the manslaughter conviction despite the defendant’s youth, his steady employment, and lack of criminal record where the defendant acted without provocation or justification in shooting the victim four times over the alleged theft of $600 worth of goods. In the present case, the defendant Thaddeus Clements acted with even less provocation or justification.
In the present case without referring to the defendant’s juvenile record, considering the circumstances of the offense, and the reasons for sentencing given by the trial court, we find that the trial court adequately provided reasons for the sentence and did not manifestly abuse its discretion in sentencing the defendant to the maximum sentence of twenty-one years at hard labor.
The sentence is not constitutionally excessive.
Accordingly, the defendant’s sentence is affirmed.

AFFIRMED.

MURRAY, J., dissents with reasons.

. At the time that the defendant, Thaddeus Clements, was charged in the present case, the maximum penalty for manslaughter under La.R.S. 14:31 was twenty-one years as opposed to forty years under the revision of the statute under Acts 1992, No. 306, Sec. 1.