JASMINE, J.,
dissents.
| R respectfully dissent from the majority opinion. I find that the defendant’s sentence of 40 years as a second felony offender for attempted manslaughter is constitutionally excessive. The majority distinguishes Broum and Matthews in support of its conclusion that the sentence is not constitutionally excessive, and further relies on Fuller. Whereas I agree these cases can be distinguished from the pres *241 ent case, I find that they actually support, rather than defeat, a determination that defendant’s sentence is excessive.
As noted by the majority, a trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Pearson, 07-332 at 15-16, 975 So.2d at 656.
The multiple offender statute, LSA-R.S. 15:529.1, intended to enhance punishment for repeat offenders, simply provides an ancillary factor for the sentencing judge’s consideration when meting out the prescribed penalty following a defendant’s most recent conviction. State v. Youngblood, 26,722 (La.App. 2 Cir. 12/22/94), 647 So.2d 1388, quoting State v. Dorthey, 623 So.2d 1276 (La.1993). It not only acts as a deterrent and warning to first offenders, but also protects society by removing recidivists from its midst. Id.; State v. George, 218 La. 18, 48 So.2d 265 (1950), cert. denied, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951).
|2As a second felony offender whose predicate conviction was in 1999 for possession of cocaine, a non-violent offense that occurred seven years prior to this offense, Addison’s exposure on the multiple bill for attempted manslaughter was a sentencing range of 10 to 40 years at hard labor without the benefit of probation or suspension of sentence. LSA-R.S. 14:27; 14:31; 15:529.1A(l)(a). His original sen-fence of 20 years was vacated and an enhanced sentence of 40 years imposed.
I note that in both Brown and Matthews, the victims died, unlike in the present case, where the victim survived, and yet the defendant Brown received 20 years and Matthews, 21,[1] which is half the 40 years to which Addison was sentenced. The fact that Brown and Matthews actually killed their victims, whereas Addison did not, is a more important factor in fashioning a proportionate sentence than the fact that Mr. Addison is a second felony offender and Brown and Matthews were not. I do not imply in any way that Addison’s crime was not serious or brutal, but the sentencing judge must strike a balance between the goals of the multiple offender statute and the duty to give a proportionate sentence for the instant offense. My sense of justice is shocked by a sentence that punishes an attempted manslaughter with twice as much time than two other defendants received who actually killed their victims, whether they were first offenders or not.
Further, I find that the majority’s reliance on Fuller is misplaced. For a course of conduct similar to Addison’s in the instant case, Fuller, a second felony offender, received 2/3 of the maximum sentence for aggravated second degree battery, or 20 years, which actually supports Addison’s argument that his maximum sentence is excessive.[2]
Given that Addison’s exposure on the multiple bill was 10 to 40 years, and considering the factors the appellate court uses when reviewing a sentencing | ¡judge's discretion, I find that this sentence is grossly disproportionate to the offense and *242 constitutionally excessive. I would vacate the sentence and remand for resentencing.

. I further note that Matthews’ 21-year sentence, which was the maximum for manslaughter at the time, was found by the appellate court to be excessive.

. Two-thirds of 40 years is 26.6 years.